## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   **MARIA F. TOVAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CASE NO.:** CIV-20-1247-G |
| | ) | |
| 3.   **B. BRAUN MEDICAL INC., d/b/a** | ) | |
| **AESCULAP, INC.,** | ) | |
| a Pennsylvania Corporation, | ) | |
| | ) | |
| **Defendant.** | ) | |

### COMPLAINT

COMES NOW, the Plaintiff, Maria F. Tovar, and for her claims for relief against the Defendant, B. Braun Medical Inc., d/b/a Aesculap, Inc. (herein after Aesculap), a Pennsylvania Corporation, allege and state as follows:

### JURISDICTION

1. Plaintiff is, and at all times relevant to this action was, citizen and resident of the State of Oklahoma with her place of residence being within Oklahoma County, Oklahoma.

2. Defendant, Aesculap is, and at all times relevant to this action was, a corporation incorporated within the State of Pennsylvania, with its principal place of business within the State of Pennsylvania, more specifically, 3773 Corporate Parkway, Center Valley, Pennsylvania 18034.

3. Complete diversity of citizenship exists within the purview of 28 U.S.C. § 1332. At all times relevant to this cause of action, the Plaintiff/Defendant had the requisite minimum contacts with the State of Oklahoma, and the amount in controversy in this action exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

## CLAIMS FOR RELIEF

4. On or about December 10, 2014, Plaintiff, Maria F. Tovar, was admitted to SSM Health Bone & Joint Hospital at St. Anthony, Oklahoma City, Oklahoma, for the purpose of undergoing a left total knee arthoplasty. The surgery was performed by Corey Ponder, MD, a non-party herein. The following components were utilized by Dr. Ponder in Plaintiff's knee replacement:

    a.    Aesculap Vega Total Knee System

        i.    Left size 4n femur
        ii.    2 Tibial baseplate with locking bolt
        iii.    2 x 10 mm PS Poly,
        iv.    29 x 8 mm 3 Peg all Poly Patella

Said components were designed, manufactured, distributed, sold and/or placed into the stream of commerce by Defendant, Aesculap.

5. On or January 20, 2020, due to persistent and increasing left knee pain, it was discovered by Dr. Ponder during surgery that both the femoral and tibial components of the left knee were fully delaminated from the cement mantle due to implant failure of Defendant, Aesculap's above listed components said failure required removal of

Defendant's Aesculap Vega Total Knee System. Failure of the Aesculap Vega Total Knee System designed and/or manufactured by Defendant, Aesculap caused Plaintiff, Maria F. Tovar, to suffer severe injuries to mind and body which are permanent and painful.

6. The above listed components manufactured, designed and distributed by the Defendant, Aesculap and placed in Plaintiff, Maria F. Tovar, failed and such failure directly caused and/or contributed to Plaintiff sustaining severe and permanent injuries, pain and suffering, disfigurement and medical expenses. Said components were defective in design and/or manufacture in one or more of the following ways: due to the ceramic coating and/or implants surfaces, the implants failed to adhere to and/or accept the cement causing the implants to debond or adhere to the bone cement causing loosing of the implants which causes severe and debilitating pain and necessitates their removal. Said defects existed when the components left the hands of Defendant making the components unreasonably dangerous beyond the contemplation of the ordinary user. Defendant, Aesculap, is therefore strictly liable to Plaintiff under the doctrine of manufacturers' products liability.

7. Defendant, Aesculap, breached applicable implied and express warranties, including warranties of merchantability and fitness for a particular purpose. Further, Defendant, Aesculap, failed to provide appropriate warnings regarding the potential dangers associated with the use of said components, including warnings regarding the risk of a failure such as was experienced by Plaintiff despite its knowledge of the same.

8. As a direct and proximate result of the defects existing in said components designed, manufactured, distributed, sold and/or placed into the stream of commerce by

the Defendant, Plaintiff suffered severe injuries to mind and body which are permanent and painful. Plaintiff has incurred medical expenses, wage loss and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

10. Defendant, Aesculap is hereby placed on notice that its conduct evidenced an outrageous and willful disregard for the safety of Plaintiff, for which Plaintiff will seek an instruction from the Court which would allow the Jury to return a verdict for punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Maria Tovar, prays this Court enter judgment against the Defendant, Aesculap, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of this action, and for such further relief as this Court deems just and reasonable.

S/DEEANN L. GERMANY
KELLY A. GEORGE, OBA NO. 013445
DEEANN L. GERMANY, OBA NO. 017750
BURCH, GEORGE & GERMANY
1500 CITY PLACE BUILDING
204 NORTH ROBINSON
OKLAHOMA CITY, OKLAHOMA 73102
Telephone:  405-239-7711
Facsimile:  405-239-7795
kellygeorge@burch-george.com
deeanngermany@burch-george.com
ATTORNEYS FOR PLAINTIFFS

**ATTORNEYS LIEN CLAIMED**
**JURY TRIAL DEMANDED**