# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARIA F. TOVAR,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    **Case No. CIV-20-1247-G** |
| | ) |
| **AESCULAP AG, a German** | ) |
| **Corporation, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is the Motion to Dismiss (Doc. No. 30) filed by Defendant Aesculap AG ("AAG"). Plaintiff Maria F. Tovar has responded in opposition (Doc. No. 31), and AAG has filed a Reply (Doc. No. 32). Having carefully reviewed the parties' submissions, the Court concludes that it lacks personal jurisdiction over AAG and grants its Motion to Dismiss on that basis.

    I.    *Plaintiff's Allegations*

Plaintiff, a resident of Oklahoma, brings this diversity action against AAG and Defendant Aesculap Implant Systems, LLC ("AIS"). *See* Second Am. Compl. ("Compl.") ¶¶ 1-3. AAG is a corporation incorporated under the laws of Germany and with its principal place of business in Germany. *Id.* ¶ 2. AIS is a limited liability company incorporated in Delaware, with its principal place of business in Pennsylvania. *Id.* ¶ 3. AIS is alleged to be "a subsidiary of" AAG. *Id.*

In December 2014, Plaintiff underwent a total left-knee arthroplasty at SSM Health Bone & Joint Hospital in Oklahoma City. *Id.* ¶ 6. The treating surgeon replaced Plaintiff's

knee with an Aesculap Vega Total Knee System (the "Vega implant"). *Id.* The Vega implant's "components were designed and manufactured by [AAG] and were distributed, sold and/or placed into the stream of commerce by [AIS]." *Id.*

In January of 2020, Plaintiff's surgeon discovered that Plaintiff's Vega implant had failed, requiring removal of the implant. *Id.* ¶ 7. This failure caused Plaintiff to suffer "severe and permanent injuries, pain and suffering, disfigurement and medical expenses." *Id.* ¶¶ 7-8.

Plaintiff brings state-law claims sounding in products liability and breach of warranty against both Defendants. *See id.* ¶¶ 8-10. Plaintiff additionally seeks punitive damages against AIS only. *See id.* ¶ 11.

## II.   Plaintiff's Burden to Establish Personal Jurisdiction

AAG moves to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that the Court lacks personal jurisdiction over AAG. *See* AAG's Mot. at 8-20; Fed. R. Civ. P. 12(b)(2).

When the court's jurisdiction over a defendant is contested, the plaintiff bears the burden of establishing personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008). At the pleading stage, the plaintiff's burden is relatively light. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). Where, as here, the court considers a pretrial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff must make "a prima facie showing of personal jurisdiction to defeat the motion." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal quotation marks omitted). A plaintiff "may

make this showing through affidavits or other written materials." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020). For purposes of the plaintiff's prima facie case, the allegations in the complaint are accepted as true to the extent they are uncontroverted by the defendant's affidavits. *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).

To establish personal jurisdiction over a nonresident in a diversity action, a plaintiff "must demonstrate that jurisdiction is proper under the laws of the forum state—in this case Oklahoma—and that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment." *Dental Dynamics*, 946 F.3d at 1228. Oklahoma has enacted a "long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent permitted by the U.S. Constitution, as well as the Oklahoma Constitution. *See id.* at 1228-29 (citing Okla. Stat. tit. 12, § 2004(F)). Accordingly, the Court's inquiry is reduced to a single question: whether the Court's exercise of jurisdiction over AAG is consistent with constitutional due process. *See id.* at 1229; *Shrader*, 633 F.3d at 1239.

III.   *Minimum-Contacts Analysis*

"The Due Process Clause authorizes personal jurisdiction" if the defendant "purposefully established minimum contacts within the forum state" and the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Dental Dynamics*, 946 F.3d at 1229 (internal quotation marks omitted). Depending on the facts, "an out-of-state defendant's contacts with the forum state may give rise to either general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Old Republic Ins. Co.*, 877 F.3d at 903; *see also OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d at 1090-91

3

(10th Cir. 1998) (explaining that the "minimum contacts" standard may be satisfied by showing either general or specific jurisdiction). Here, AAG challenges Plaintiff's ability to show minimum contacts that would support the exercise of either general or specific jurisdiction.

    *A. General Jurisdiction*

A court may exercise general jurisdiction over a foreign corporation where the corporation's contacts with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

The Complaint's jurisdictional allegations are conclusory in nature and do not plausibly support an inference that AAG has "continuous or systematic" contacts with the State of Oklahoma. *See, e.g.*, Compl. ¶¶ 2 ("[AAG] is a global medical technology company, with the requisite minimum contacts within the United States and Oklahoma."), 4 ("[T]he Plaintiff/Defendant had the requisite minimum contacts with the State of Oklahoma . . . .").

AAG, further, has submitted an affidavit from Andreas Hahn, a Senior Vice President for AAG, declaring under penalty of perjury that AAG does not:

- have its principal place of business in Oklahoma;
- transact business or render services in Oklahoma;

- own, lease, use, or otherwise possess any real property in Oklahoma;

- have any offices, warehouses, manufacturing sites, or other facilities in Oklahoma;

- have a registered agent for service of process or employees in Oklahoma;

- advertise or solicit business in Oklahoma; or

- pay taxes in Oklahoma.

*See* Hahn Aff. (Doc. No. 30-1) ¶¶ 1-2, 5-8, 10-12.

Although factual disputes from "conflicting affidavits" "must be resolved in the plaintiff's favor," Plaintiff has presented no affidavit or other written evidence to contradict Mr. Hahn's Affidavit. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Accordingly, the Court finds that AAG is not "at home" in the State of Oklahoma and is not subject to general jurisdiction in this forum based upon any "continuous and systematic general business contacts" with the State. *Goodyear Dunlop*, 564 U.S. at 919, 929 (internal quotation marks omitted); *see also Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) ("These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a forum-state] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world.").

### B. Specific Jurisdiction

A court may exercise specific jurisdiction over an out-of-state defendant if the plaintiff's lawsuit arises out of the defendant's contacts with the forum state. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop*, 564 U.S. at 919 (explaining that "[s]pecific jurisdiction . . . depends on an affiliation between the forum

and the underlying controversy" (alteration and internal quotation marks omitted)). Thus, to establish minimum contacts for specific jurisdiction, the plaintiff must show: (1) that the defendant "purposefully directed its activities at residents of the forum state"; and (2) that "the plaintiff's injuries . . . [arose] out of the defendant's forum-related activities." *Old Republic Ins. Co.*, 877 F.3d at 904 (alteration and internal quotation marks omitted). If the plaintiff makes this showing, the court may exercise specific jurisdiction unless the defendant presents a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* (internal quotation marks omitted).

According to AAG, it designs and manufactures the Vega implant in Germany and sells it to AIS. *See* Hahn Aff. ¶¶ 14, 16. AAG "typically delivers the Vega knee implant systems sold in the United States to Chicago, Illinois[,] or Norfolk[,] Virginia, and then the implants are moved by ground to the AIS St. Louis, Missouri[,] distribution center. [AAG] also sometimes ships product to the AIS headquarters in Center Valley, PA." *Id.* ¶ 17. "Upon receipt, AIS takes over responsibility for selling and distribution of these devices within the United States." *Id.* AAG does not directly market, sell, or deliver Vega implants in the United States other than to AIS, and it does not sell or deliver Vega implants into Oklahoma. *Id.* ¶¶ 4, 17. "No one at [AAG] directly distributed . . . or sold the Vega knee implant system or any of its components to the SSM Health Bone & Joint Hospital" or to Plaintiff's surgeon. *Id.* ¶ 18.

The record therefore does not demonstrate that Defendant has the requisite minimum contacts with the State of Oklahoma for the Court to exercise specific jurisdiction over AAG. At a minimum, Mr. Hahn's testimony shows that AAG has not "purposefully

directed its activities at residents of the forum state." *Old Republic Ins. Co.*, 877 F.3d at 904 (internal quotation marks omitted).

In response, Plaintiff disputes AAG's alleged lack of authority over AIS's actions by arguing that Mr. Hahn's averments reflect that AIS "is nothing more than a sham entity" and that AAG "is actually distributing its own Vega knee system itself." Pl.'s Resp. at 2-3 (citing Hahn Aff. ¶¶ 4, 17). But Plaintiff offers nothing more than this speculative briefing, and her unverified allegation that AIS is a "subsidiary," to refute AAG's evidence, which establishes that: AIS is a separate legal entity, with its own board of directors and officers, that sells and distributes the Vega implants bought from AAG, and that maintains its own bylaws, minutes, records, and accounts. *Compare* Compl. ¶ 3, *with* Hahn Aff. ¶¶ 15-16, 22-24.

Alternatively, Plaintiff argues that AIS serves as an agent for AAG to conduct sales and distribution on AAG's behalf. *See* Pl.'s Resp. at 4. Again, however, Plaintiff offers no conflicting affidavits or other evidence to counter AAG's sworn averments that: AAG "retains no control" over to whom AIS chooses to sell the Vega implants, "AIS is not authorized to act as an agent for [AAG] in the United States," and AIS cannot bind AAG to any agreement or make representations on AAG's behalf. Hahn Aff. ¶¶ 19-21.

Finally, Plaintiff asserts that she should be permitted to conduct jurisdictional discovery as to the relationship between AAG and AIS and the process by which the Vega system is sold and distributed in the United States. *See* Pl.'s Resp. at 3, 5.

Whether to grant or deny such a request is within the Court's discretion. *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 102 (10th Cir. 2012) (citing *Breakthrough Mgmt.*

7

*Grp., Inc. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1188-89 (10th Cir. 2010)). Plaintiff has the burden of demonstrating a legal entitlement to jurisdictional discovery and how she will be prejudiced from the denial of such discovery. *See id.* at 103. "[P]rejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is *necessary*." *Id.* (internal quotation marks omitted).

Plaintiff's speculation as to the true relationship between Defendants fails to point to a genuinely controverted pertinent fact or show that "there exists any reasonable possibility that discovery would uncover any evidence allowing this Court to exercise personal jurisdiction over" AAG. *Ortiz v. Alfa Laval India Pvt. Ltd.*, No. CIV-19-869-J, 2020 WL 6531946, at *4 (W.D. Okla. Mar. 20, 2020) (denying jurisdictional discovery where the plaintiff had presented nothing to indicate that the manufacturer's affiliate was an alter-ego of the manufacturer or had a relationship "where the parent company exert[ed] a significant amount of control over a subsidiary"). AAG has satisfactorily shown that AIS is not its agent or alter-ego. *See* Hahn Aff. ¶¶ 19-21; *see also* Restatement (Second) of Agency § 1 (Am. L. Inst. 1958) ("Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act."). Plaintiff fails to "demonstrate[] that discovery on that issue would be anything more than a fishing expedition." *Ortiz*, 2020 WL 6531946, at *4; *see also Shrader*, 633 F.3d at 1248 ("[E]ven well-pleaded jurisdictional allegations are not accepted as true once they are controverted by affidavit . . . . Thus, absent an opposing showing by [the plaintiff], through specific averments,

8

verified allegations, or other evidence sufficient to create a genuine issue of fact, [the defendant's] affidavits carry the issue.").

## CONCLUSION

For the reasons outlined herein, Defendant Aesculap AG's Motion to Dismiss (Doc. No. 30) is GRANTED. Plaintiff's claims against this Defendant are dismissed without prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED this 30th day of September, 2022.

_____
CHARLES B. GOODWIN
United States District Judge